UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:03-CR-134 |
| | ) | (VARLAN/GUYTON) |
| STEPHEN MULLICAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal action is before the Court on defendant Stephen Mullican's ("Defendant's") Pro Se Motion for Dismissal due to Lack of Jurisdiction. [Doc. 26.] Defendant contends that the Court lacked subject matter in the instant case, and thus Defendant's conviction for violating 18 U.S.C. § 2113(a),(e) must be overturned. The government has not responded to Defendant's motion and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. Accordingly, the instant motion is now ripe for adjudication.

Defendant contends that Title 18 of the United States Code was never properly adopted into law, arguing that Public Law 80-722, which created Title 18, was not passed in both houses before Congress adjourned, and thus the Public Law was never properly adopted, meaning Title 18 was never enacted into law.

The Court notes that other courts have previously addressed similar arguments, and the Court draws guidance from the case of *United States v. Martinez*, CR No. C-04-157, 2006 WL 1293261 (S.D. Tex. May 6, 2006). The *Martinez* court found that Public Law 80-772

was passed by the House of Representatives in the first session of 80th Congress. *Id.* at *5. Public law 80-772 was then passed by the Senate during the second session of that same Congress. *Id.* The recess between the two sessions was an inter-session recess, not a *sine die* recess. *Id.* Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. *Id.* Thus, the Court finds that Public Law 80-772 was properly enacted into law and Defendant's motion [Doc. 26] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE